Michael Rose, AK Bar No. 1211110
North Star Law Group, LLC
4300 B Street, Suite 206
Anchorage, AK 99503
(907) 205-4434
E-mail: Michael@NorthStarLawGroup.com
Attorney for Plaintiff Sumner Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Sumner Company,
    Plaintiff,
v.
Nick Jordan; Alaska Custom Homebuilders, LLC; and Agim Delolli,
    Defendants.

Case No. 3:21-cv-00127-HRH

## COMPLAINT

(For Copyright Violation pursuant to 17 U.S.C. § 504)

### A. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1338 because Plaintiff Sumner Company ("Sumner Company") seeks damages for copyright infringement.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Sumner Company's state law claims share all common operative facts with

Sumner Company's federal law claims, and the parties are identical. Resolving Sumner Company's federal and state claims in a single action serves the interests of judicial economy, consistency, and fairness to the parties.

3. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court pursuant to 28 U.S.C. § 1391(b) because each Defendant resides in the State of Alaska, and a substantial part of the events giving rise to this action occurred in this District.

## B. PARTIES

4. Sumner Company is an Alaska domestic corporation in good standing with the Alaska Department of Commerce.

5. Defendant Nick Jordan is a natural person residing in Alaska.

6. Defendant Alaska Custom Homebuilders, LLC is an Alaska domestic company, 100% owned by Manager, Member Agim Delolli.

7. Defendant Agim Delolli is a natural person residing and/or doing business in Alaska.

## C. Factual Allegations

8. Sumner Company is engaged in the business of designing and building residences in Alaska.

9. In or about March 2020, Defendant Nick Jordan engaged Sumner Company's services to design and build a residence for him.

10. Sumner Company created an architectural design of a residence for Defendant Nick Jordan, as a derivative work from its registered copyright known as: "the Sanford."

11. The architectural design work that Sumner Company created is comprised of drawings, each of which contain the statement in the margin: "This plan is protected by intellectual property rights, to be used for reference only and is not to be reproduced, distributed or used without explicit written consent of Sumner Company."

12. The architectural design work that Sumner Company created is copyrighted work.

13. At some point after Sumner Company shared the architectural design work with Defendant Nick Jordan, Defendant Nick Jordan distributed the

architectural design work to Defendants Alaska Custom Homebuilders, LLC and Agim Delolli.

14. Defendant Nick Jordan did not have permission from Sumner Company to distribute or reference the architectural design work in any manner.

15. Defendant Alaska Custom Homebuilders, LLC did not have permission from Sumner Company to use or reproduce the architectural design work.

16. Defendant Alaska Custom Homebuilders, LLC did not have permission from Sumner Company to distribute or reference the architectural design work.

17. Defendant Agim Delolli did not have permission from Sumner Company to use or reproduce the architectural design work.

18. Defendant Agim Delolli did not have permission from Sumner Company to distribute or reference the architectural design work.

19. Defendants Alaska Custom Homebuilders, LLC and Agim Delolli used the architectural design work to design and begin building a residence for Defendant Nick Jordan.

Case 3:21-cv-00127-HRH Document 1 Filed 05/26/21 Page 4 of 13

20. Defendants Alaska Custom Homebuilders, LLC and Agim Delolli distributed or referenced the architectural design work to contractors, subcontractors, and/or vendors.

## D. First Cause of Action: Copyright Infringement

*[Against all Defendants, pursuant to 17 U.S.C. § 504]*

21. Sumner Company owns exclusive copyright rights in the architectural design work, under 17 U.S.C. § 102(a)(5) and/or (a)(8).

22. Sumner Company's copyright in the architectural design work is a registered copyright.

23. Defendant Nick Jordan violated the exclusive rights of Sumner Company's copyright.

24. Defendant Alaska Custom Homebuilders, LLC violated the exclusive rights of Sumner Company's copyright.

25. Defendant Agim Delolli violated the exclusive rights of Sumner Company's copyright.

26. Defendant Nick Jordan's infringement of the exclusive rights of Sumner Company's copyright was willful.

North Star Law Group, LLC
4300 B St Suite 206, Anchorage, AK 99503
contact@northstarlawgroup.com  Tel. (907) 205-4434

Case 3:21-cv-00127-HRH  Document 1  Filed 05/26/21  Page 5 of 13

27. Defendant Alaska Custom Homebuilders, LLC's infringement of the exclusive rights of Sumner Company's copyright was willful.

28. Defendant Agim Delolli's infringement of the exclusive rights of Sumner Company's copyright was willful.

29. Defendant Alaska Custom Homebuilders, LLC's most recent known infringement of the exclusive rights of Sumner Company's copyright was in May, 2021.

30. Defendant Agim Delolli's most recent known infringement of the exclusive rights of Sumner Company's copyright was in May, 2021.

31. Sumner Company is entitled, pursuant to 17 USC § 504, actual or statutory damages in an amount to be proven at trial for Defendants' infringement.

32. Sumner Company is entitled, pursuant to 17 USC § 505, costs and reasonable attorney's fees for Defendants' infringement.

### E. SECOND CAUSE OF ACTION: TRADEMARK INFRINGEMENT

*[Against all Defendants, pursuant to 15 U.S.C. § 1117]*

33. Sumner Company is involved in construction in Alaska and northern Nevada.

34. Defendant Nick Jordan removed Sumner Company's mark from Sumner Company's architectural design work.

35. Defendant Alaska Custom Homebuilders, LLC removed Sumner Company's mark from Sumner Company's architectural design work.

36. Defendant Agim Delolli removed Sumner Company's mark from Sumner Company's architectural design work.

37. Defendants' removal of Sumner Company's mark was a false designation of origin.

38. Defendants' removal of Sumner Company's mark hindered Sumner Company's ability to conduct its interstate architecture business.

39. Defendants' removal of Sumner Company's mark affected interstate commerce.

40. Defendants' removal of Sumner Company's mark created a likelihood of confusion in the consuming public as to the origin of the architectural design work.

41. Sumner Company is entitled to recover, pursuant to 15 USC § 1117, Defendants' profits, Sumner Company's damages, and the costs of this action, in amounts to be proven at trial.

Sumner v. Jordan et al  - Page 7 of 13 -  Case No. _____
Complaint

42. Defendants' removal of Sumner Company's mark was deliberate.

43. Defendants' removal of Sumner Company's mark was fraudulent.

44. Defendants' removal of Sumner Company's mark was malicious.

45. Defendants' removal of Sumner Company's mark was willful.

46. Sumner Company is entitled, pursuant to 15 USC § 1117, to an award of its reasonable attorney's fees.

### F. THIRD CAUSE OF ACTION: TRADE SECRET MISAPPROPRIATION

*[Against all Defendants, pursuant to Alaska Statute ("AS") § 45.50.915]*

47. Sumner Company's architectural design work was a trade secret pursuant to AS § 45.50.940(3).

48. Defendant Nick Jordan misappropriated Sumner Company's trade secret.

49. Defendant Alaska Custom Homebuilders, LLC misappropriated Sumner Company's trade secret.

50. Defendant Agim Delolli misappropriated Sumner Company's trade secret.

51. Defendants' misappropriation was willful and malicious.

52. Sumner Company is entitled, pursuant to AS § 45.50.915, damages from actual loss and unjust enrichment caused by Defendants' misappropriation and exemplary damages.

### G. FOURTH CAUSE OF ACTION: BREACH OF CONTRACT

*[Against Defendant Nick Jordan, pursuant to common law]*

53. Sumner Company and Defendant Nick Jordan formed an implied-in-fact contract and/or quasi-contract when Sumner Company produced for Defendant Nick Jordan the architectural design work.

54. Defendant Nick Jordan breached his contract with Sumner Company by failing to pay for the work Sumner Company performed and by disclosing the architectural design work to another person.

55. Sumner Company is entitled to damages for the breach of contract, in an amount to be proven at trial, and as consistent with precedent under *Reeves v. Alyeska Pipeline Service Co.*, 56 P.3d 660 (Alaska 2002).

## H. Fifth Cause of Action: Unjust Enrichment

*[Against all Defendants, pursuant to common law]*

56. Defendant Nick Jordan was unjustly enriched by retaining the benefit of the architectural design work without compensating Sumner Company.

57. Defendant Alaska Custom Homebuilders, LLC was unjustly enriched by retaining the benefit of the architectural design work without compensating Sumner Company.

58. Defendant Agim Delolli was unjustly enriched by retaining the benefit of the architectural design work without compensating Sumner Company.

59. Sumner Company is entitled to damages for Defendants' unjust enrichment, in an amount to be proven at trial.

## I. Sixth Cause of Action: Interference with Contractual Relations

*[Against Defendants Alaska Custom Homebuilders, LLC and Agim Delolli, pursuant to common law]*

60. Sumner Company and Defendant Nick Jordan had a contract, whether express, implied-in-fact, or quasi-contract, for the design and construction of a residence.

Case 3:21-cv-00127-HRH Document 1 Filed 05/26/21 Page 10 of 13

61. Defendant Alaska Custom Homebuilders, LLC, with knowledge of the contract between Sumner Company and Defendant Nick Jordan, engendered Defendant Nick Jordan's breach of the contract between Sumner Company and Defendant Nick Jordan.

62. Defendant Agim Delolli, with knowledge of the contract between Sumner Company and Defendant Nick Jordan, engendered Defendant Nick Jordan's breach of the contract between Sumner Company and Defendant Nick Jordan.

63. Defendant Nick Jordan breached his contract with Sumner Company.

64. Sumner Company is entitled to damages, in an amount to be proven at trial, for Defendants Alaska Custom Homebuilders, LLC's and Agim Delolli's interference with Sumner Company's contract with Defendant Nick Jordan.

J. **SEVENTH CAUSE OF ACTION: INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

*[Against Defendants Alaska Custom Homebuilders, LLC and Agim Delolli, pursuant to common law]*

65. Sumner Company and Defendant Nick Jordan had a prospective contract for the construction of a residence.

66. Defendant Alaska Custom Homebuilders, LLC, with knowledge of the prospective contract between Sumner Company and Defendant Nick Jordan, interfered with the prospective contract between Sumner Company and Defendant Nick Jordan.

67. Defendant Agim Delolli, with knowledge of the prospective contract between Sumner Company and Defendant Nick Jordan, interfered with the prospective contract between Sumner Company and Defendant Nick Jordan.

68. Sumner Company is entitled to damages, in an amount to be proven at trial, for Defendants Alaska Custom Homebuilders, LLC's and Agim Delolli's interference.

## K. Request for Relief

Sumner Company requests relief from this Court as follows:

1. For an award of compensatory damages, according to appropriate authority, in an amount to be proven at trial;

2. For an award of actual or statutory damages under 17 USC § 504 or similar authority, if such election is higher than compensatory damages;

3. For an award of statutory/exemplary damages under AS § 45.50.915 or similar authority;

4. For an award of punitive damages under AS § 09.17.020;

5. For an award of reasonable attorney's fees, as per appropriate authority in statute, at common law, or under Court Rule;

6. For an award of costs, as per appropriate authority in statute, at common law, or under Court Rule; and

7. For any other relief, at law or equity, that this Court may deem just and appropriate.

DATED: May 24, 2021

*for* Michael Rose
AK Bar No. 1211110
North Star Law Group, LLC
Attorneys for Plaintiff Sumner Company